# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID BRADBURY, <br>       Appellant, | DOCKET NUMBER <br> DA-0752-23-0012-I-1 |
|    v. | |
| DEPARTMENT OF HOMELAND <br>   SECURITY, <br>       Agency. | DATE: July 12, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence A. Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Beverlei E. Colston</u>, Esquire, Irving, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which upheld his removal based on a sustained charge of conduct unbecoming a Federal law enforcement officer. On petition for review, the appellant challenges the administrative judge's decision to sustain both specifications and the charge and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

her assessment of the penalty. Petition for Review (PFR) File, Tab 3. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's penalty analysis, we AFFIRM the initial decision.

¶2 We have considered the appellant's arguments on review, but none warrants a different outcome. For example, we are not persuaded by the appellant's effort to characterize specification 1 as an allegation of failure to follow instructions, instead of conduct unbecoming. *Id.* at 7-11. We acknowledge that the administrative judge did not make any explicit credibility determinations on whether the appellant heard the Assistant Special Agent in Charge's (ASAC's) instruction to stop, *id.* at 9-10, but she later found that the appellant "disregard[ed]" the ASAC's instructions in this regard, Initial Appeal File (IAF), Tab 30, Initial Decision (ID) at 10. Where, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). Moreover, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a

hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not identified such reasons. Ultimately, the appellant has not persuaded us that the administrative judge erred when she found that the appellant's conduct during and after the October 20, 2021 meeting constituted conduct unbecoming a Federal law enforcement officer. We find that she correctly sustained specification 1.

¶3 The appellant does not appear to challenge the administrative judge's substantive findings regarding specification 2, and we affirm the initial decision in this regard. We also affirm the administrative judge's decision to sustain the conduct unbecoming charge.

¶4 We have also considered the appellant's arguments regarding the penalty. For example, the appellant asserts that the administrative judge must independently assess the relevant penalty factors to determine whether the penalty imposed was reasonable. PFR File, Tab 3 at 17-19. Contrary to the appellant's assertion, the administrative judge reviewed the deciding official's evaluation of the penalty factors and then conducted her own assessment of many relevant factors. ID at 15-16.

¶5 Additionally, the appellant argues that the administrative judge erred when she relied on the appellant's lack of remorse as undermining his rehabilitative potential. PFR File, Tab 3 at 19-20. He cites to *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 16 (2011), for the proposition that an appellant's decision to defend himself against an agency's charges does not indicate that he lacked remorse or failed to admit to wrongdoing. PFR File, Tab 3 at 19-20. The appellant mischaracterizes the administrative judge's findings. Importantly, the administrative judge did not find that the appellant's pursuit of this appeal evidenced a lack of rehabilitative potential. Rather, she found that he lacked rehabilitative potential because of, among other things, his lack of

remorse, continued justification of his actions,[2] and failure to display professionalism despite being on notice that the agency's code of conduct required it. ID at 16. Importantly, we agree with the administrative judge that the appellant's testimony that he thought the email described in specification 2 was "respectful," and he did not see a "problem" with the "professionalism" of the email, suggests that he is apt to repeat it and shows a lack of rehabilitative potential. *Id.*

¶6  The appellant correctly notes that the administrative judge did not explicitly discuss the adequacy and effectiveness of alternative sanctions.[3] PFR File, Tab 3 at 18-19. We supplement the initial decision to explicitly consider this factor. However, given the temporal proximity of the June 2021 Letter of Counseling, which was based on similar allegations of unprofessionalism described in specification 2, coupled with the evidence that the administrative judge discussed in her analysis of the appellant's potential for rehabilitation, there remains a question as to whether a penalty less than removal would work as a deterrent.

¶7  We have also considered mitigating factors. As discussed in the initial decision, the appellant did not have any prior discipline, he had nearly 20 years of Federal service, and he had high performance ratings. ID at 14; IAF, Tab 7 at 32-33. Additionally, we have considered, as a mitigating factor, the circumstances surrounding the incidents described in specifications 1 and 2, which could fall under the heading of unusual job tensions. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). For example, the administrative judge acknowledged that the appellant was "shaken by the circumstances" during the meeting. ID at 11. Regarding specification 2, the administrative judge noted that the appellant was "extreme[ly] frustrat[ed]" with being the subject of an investigation that was ultimately unsupported, and he sent the December 17, 2021

---

[2] The administrative judge noted that the appellant blamed his frustration on a later-unsupported investigation, office rumors, and an attempt to clear his name. ID at 16.

[3] The deciding official discussed this factor. IAF, Tab 7 at 35.

email because he "felt his complaints and concerns had been ignored," he felt "humiliated," and he wanted to "clear his name among his peers." ID at 16. We have also considered that the appellant's conduct, which the administrative judge found caused the agency officials to fear for their safety and the safety of others in the room during the October 20, 2021 meeting, lasted only a few seconds. PFR File, Tab 3 at 16. Finally, we have considered as a mitigating factor the administrative judge's decision to credit the appellant's testimony that he did not mean the "grinders" comment in his email as a threat. ID at 12; PFR File, Tab 3 at 15.

¶8       However, when evaluating whether a penalty is reasonable, the Board considers, first and foremost, the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 6 (2005). Conduct unbecoming is a serious charge. *Hellein v. Department of Agriculture*, 8 M.S.P.R. 373, 375 (1981). The Board has long recognized that a higher standard of conduct and degree of trust are required of an incumbent of a position with law enforcement duties, such as the appellant. *Luongo v. Department of Justice*, 95 M.S.P.R. 643, ¶ 13 (2004) *aff'd*, 123 F. App'x 405 (Fed. Cir. 2005); *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 8 (2001). Although there are several mitigating factors in this case, there are also significant aggravating factors. We believe that the aggravating factors outweigh the mitigating factors, and we discern no error with the administrative judge's finding that the removal penalty was reasonable for the sustained misconduct.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.